831 F.2d 298
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
VANDEN BRINK MEAT COMPANY, Petitioner Cross-Respondent
v.
NATIONAL LABOR RELATIONS BOARD, Respondent Cross-Petitioner
 Nos. 86-5965, 86-6074.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1987.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and WISEMAN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Vanden Brink Meat Company petitions for review of a decision and order of the National Labor Relations Board, and the Board has filed a cross-application for enforcement. In its decision, the Board found that Vanden Brink violated sections 8(a)(1) and (5) of the National Labor Relations Act, as amended, 29 U.S.C. Secs. 158(a)(1) and (5), by refusing to bargain with Teamsters Local No. 955. The order required Vanden Brink, among other things, to bargain with the union. 281 N.L.R.B. No. 6 (August 11, 1986).
 
 
 2
 In October, 1984, the union filed a representation petition with the National Labor Relations Board, seeking certification as the collective bargaining representative of Vanden Brink's employees. The Board conducted an election in November, and the union won by a vote of 17 to 15. After Vanden Brink filed objections to the election, the Regional Director conducted an administrative investigation and ordered that a hearing be held. The administrative law judge conducted a one-day hearing, and, in his report, he recommended that Vanden Brink's objections be overruled. The Board adopted the recommendations and certified the union. Vanden Brink, however, has refused to bargain with the union on the basis that the union's certification is invalid because of campaign misconduct.
 
 
 3
 Vanden Brink objects to the union's election campaign on three grounds. First, Vanden Brink contends that the union offered, or made ambiguous statements which could reasonably be construed as an offer, to waive or reduce initiation fees for employees who supported the union before the election. Second, it argues that the union and individual employees told other employees that the company would retaliate against pro-union employees if the union lost the election. Third, Vanden Brink argues that the union misrepresented the contents of the National Labor Relations Act and the processes of the Board in order to induce employees to vote for the union. Because we hold that the Board's finding regarding Vanden Brink's first objection is not supported by substantial evidence, we need not reach the other two.
 
 
 4
 In NLRB v. Savair Mfg. Co., 414 U.S. 270 (1973), the Supreme Court held that it was impermissible for a union to offer to waive an initiation fee for employees who signed "recognition slips" before an election while providing that, if the union won the election, those who had not signed in advance would be required to pay the fee. The Court reasoned that permitting this practice would allow the union "to buy endorsements and paint a false portrait of employee support during its election campaign." Id. at 277. Justice Douglas, writing for the majority, recognized that section 7 of the Act gives employees not only the right to "form, join, or assist" unions, but also the right to "refrain from any or all such activities." Id. at 278. This prohibition against "bought" union endorsements also applies to union offers to reduce initiation fees in exchange for employee support. NLRB v. Aladdin Hotel Corp., 584 F.2d 891 (9th Cir.1978). Moreover, if a union initiation fee offer is ambiguous, and one reasonable construction of that ambiguity violates Savair, the union must clarify its offer or the election will be set aside. Inland Shoe Mfg. Co., 211 N.L.R.B. 724 (1974).
 
 
 5
 After the union won the close election, Vanden Brink filed objections contending, among other things, that the union's campaign violated Savair. The administrative law judge, however, rejected this objection, concluding that there was not widespread confusion about the union initiation fee policy. The Board subsequently adopted this finding.
 
 
 6
 The National Labor Relations Act provides the standard of review of the Board's factual determinations: "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record as a whole shall be conclusive." 29 U.S.C. Sec. 160(a). This standard of review extends to the Board's application of election rules to particular facts. NLRB v. State Plating & Finishing Co., 738 F.2d 733 (6th Cir.1984). We think the Board's ruling on the initiation fee waiver issue was not supported by substantial evidence.
 
 
 7
 Six employees said in their pre-hearing statements that the union agent, Ray Piper, had told them that initiation fees would be lower for those joining the union before the election and higher for those joining afterwards. Although some witnesses contradicted their statements in their live testimony, at least one, Tom Klein, merely clarified his statement. In his pre-hearing statement, Klein had said that Piper had told the employees at an organizational meeting that if they joined the union before the election they would pay a smaller initiation fee than those employees who joined after the election. At the hearing, Klein testified that, although Piper may have meant that the reduced initiation fee would be available to all employees who were hired before the union was elected, he, Klein, understood Piper to be saying that the discount would be available only to those employees who joined the union prior to the election.
 
 
 8
 Klein's misunderstanding is not surprising given that Piper's testimony reveals that even he was confused at the time the alleged violations occurred. At the hearing, Piper admitted that he did not realize that conditioning a reduced fee on pre-election support was unlawful:
 
 
 9
 Q. No. Do you understand that that kind of statement [offering reduced initiation fees to employees who join the union before the election] is proper? Is that a proper statement?
 
 
 10
 A. I didn't know that it was improper.
 
 
 11
 Given that Piper did not understand the law, his audience was understandably confused. Piper himself admitted as much:
 
 
 12
 Q. Is there any way that you could understand how an employee might believe that [the reduced initiation fee was available only to employees who joined the union before the election and not to all employees hired before the election]?
 
 
 13
 A. I can understand it. There is a possibility; but the way it is explained to them on a step-by-step process, I don't know how they could interpret it any other way, really.
 
 
 14
 Thus, we agree with Vanden Brink that the Board's finding that there was an absence of misunderstanding or confusion is not supported by substantial evidence.
 
 
 15
 The order of the Board is vacated.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation